IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STEPHEN AND ELAINE BALDWIN,** | : | |
| Plaintiffs, | : | Case No. 2:10-cv-01144 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| **ZIMMER, INC., ET AL,** | : | |
| Defendant. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim. (Dkt. 8.) Plaintiffs, Stephen and Elaine Baldwin, filed their Complaint against Defendants Zimmer, Inc., Zimmer Orthopedic Surgical Products, Inc., Centerpulse Orthopedics, Inc., and Centerpulse USA, Inc.,collectively referred to as the "Zimmer Defendants," alleging that multiple hip prostheses implanted in Plaintiff Stephen Baldwin during total hip replacement surgeries in 2005 and 2006 were defective. For the following reasons, the Motion to Dismiss is **GRANTED**.

### II. BACKGROUND

#### A. FACTUAL BACKGROUND

On February 17, 2005, Stephen Baldwin underwent total hip replacement surgery of the left hip. On January 27, 2006, he underwent total hip replacement surgery of the right hip. He required further surgery on June 29, 2009 and May 18, 2010 because, he alleges, of defects in the left hip prosthesis. He also had further surgery on August 24, 2010 as a result of alleged

1

defects to the right hip prosthesis.

Mr. Baldwin alleges that the Zimmer Defendants "manufactured, sold, or distributed" the components of the prosthesis implanted in 2005 and 2006, and that the components were defective in a number of ways. As a result, he has suffered hospital, physician, and other medical provider expenses; severe pain requiring additional surgeries; mental anguish and loss of enjoyment of life; and loss of motion and range of motion

### B. PROCEDURAL BACKGROUND

Plaintiffs first filed their claims in the Franklin County Court of Common Pleas on August 13, 2009. Defendants moved to dismiss that matter pursuant to Rule 12(B)(6) of the Ohio Rules of Civil Procedure. On September 28, 2009, Plaintiffs amended their complaint. The Franklin County Court of Common Pleas dismissed the amended complaint on November 18, 2009, pursuant to Rule 12(B)(6) of the Ohio Rules of Civil Procedure. Plaintiffs filed this action a year later.

Plaintiffs filed their complaint in this action on November 16, 2010. It asserts five claims regarding the hip prostheses: (1) defective in manufacture; (2) defective in design; (3) defective due to inadequate warning or instruction; (4) defective due to inadequate post-marketing warning or instruction; (5) Mrs. Baldwin's loss of consortium.

Defendants filed their Motion to Dismiss the Complaint on January 31, 2011. Plaintiffs did not respond. The Motion, however, is ripe and ready for decision.

### III. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the

plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)*; Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). However, the Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556).

## IV. LAW AND ANALYSIS

### A. Whether the Complaint Should be Dismissed under Rule 12(b)(6)

Defendants assert that Plaintiffs' claims do not meet the plausibility requirements of

*Iqbal* and *Twombly*. They argue that the Plaintiffs have failed to identify the medical devices at issue, the mode of the failure, the nature of the defect, or the wrongful conduct of any of the Defendants.

Accepting all of the factual allegations as true, the Complaint is insufficient to support the various causes of action. Two recent cases are helpful in making this determination. In *Frey v. Novartis Pharm. Corp.*, 642 F.Supp.2d 787, 795 (S.D. Ohio 2009), the court dismissed a products liability claim because the complaint "failed to allege any facts that would permit the Court to conclude that a manufacturing defect occurred." *Id.* The complaint alleged that the pharmaceutical product at issue was defective, and that the Defendant had failed to design, manufacture, test, and control the quality of the product. As a result, Plaintiff suffered injuries and damages. *Id.* at 90.

By contrast, in *Foust v. Stryker Corp.*, No. 10-cv-00005, 2010 WL 2572179, at *5 (S.D. Ohio June 22, 2010), the court found that product liability claims were sufficiently pled because Plaintiff specifically alleged which parts of the pharmaceutical product were defective, how the defect had led to failure, and how this defect had affected her. *Id.*

This case is more analogous to *Frey*. As in that case, Plaintiffs have merely recited the elements of the claims. They have failed to identity specifically the defects or failures at issue. The Court cannot even determine what products are at issue in this action. Without this information, Defendants will be unable to determine whether they are the proper parties to this action, because they are unable to determine if they designed, manufactured, or distributed any of the products at issue. As Plaintiffs have not pled facts that would state plausible claims for relief so as to satisfy the *Iqbal*/*Twombly* standard, the Complaint is **DISMISSED**.

## B. Whether Plaintiffs Shall be Given Leave to Amend

District Courts have discretion in determining whether a Plaintiff shall be given leave to amend a complaint. *U.S. ex rel. Bledsoe v. Cmty. Heath Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). Defendants assert that Plaintiffs should not be given leave to amend because this is their third opportunity to file; they had two chances in state court before they filed this complaint in federal court and have not yet made the required amendments. Nevertheless, the Federal Rules of Civil Procedure establish a liberal amendment policy, and the Sixth Circuit has instructed that "[d]enial of leave to amend is warranted" in limited circumstances, such as "where there is undue delay, bad faith or a dilatory motive on the part of the movant, the amendment would be futile, or undue prejudice would result to the opposing party." *Id.* Plaintiffs in this case are pro se, and thus are without the guidance of counsel as to which facts are necessary to meet the heightened plausibility standard established in *Iqbal* and *Twombly*. Accordingly, this Court will afford them with one more opportunity to amend their complaint. They have 30 days from the date of this Order to file an amended complaint. If they fail to do so, the case will be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. Plaintiffs are **GRANTED** leave to file an amended complaint within 30 days of the date of this Order. If they fail to do so, the Court will dismiss this case with prejudice.


**IT IS SO ORDERED**

                                       s/Algenon L. Marbley
                                       **ALGENON L. MARBLEY**

**UNITED STATES DISTRICT COURT**

**Dated: August 19, 2011**